IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BOBBY JOE EVENS, <br> TDCJ No. 1995944, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-2032-C-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE** <u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Bobby Joe Evens, a Texas prisoner, "was tried by a jury for possession of more than four grams but less than 200 grams of crack cocaine, with intent to deliver," and he "was found guilty and sentenced to life in prison." *Evens v. State*, 476 S.W.3d 743, 745 (Tex. App. – Texarkana 2015, pet. ref'd), *aff'g State v. Evens*, No. 27388 (196th Dist. Ct., Hunt Cnty., Tex.); *see also Evens*, 476 S.W.3d at 745 n.2 ("Due to two prior felony convictions, Evens' punishment range was enhanced to twenty-five to ninety-nine years or life in prison.").

The Texas Court of Criminal Appeals ("CCA") denied Evens's state habeas application without written order. *See Ex parte Evens*, WR-85,431-01 (Tex. Crim. App. Sept. 14, 2016) [Dkt. No. 18-35]. He filed this action *pro se* on July 26, 2017, the date on which he certifies that he placed his 28 U.S.C. § 2254 petition [Dkt. No. 3] in the prison mailing system.[1] *See id.* at 28. And his case was referred to the undersigned

---

[1] *See* RULE 3(d), RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS ("A paper filed by an inmate confined in an institution is

United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sam R. Cummings.

Evens filed a court-ordered amended petition. *See* Dkt. Nos. 8 & 9. As ordered, *see* Dkt. No. 11, the State responded to the amended habeas application, *see* Dkt. No. 17. Evens failed to file a reply, and the time to do so has expired. *See* Dkt. No. 11.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

## Applicable Background

The factual background is drawn from the Texarkana Court of Appeals's decision:

> After sitting in Bobby Joe Evens' truck for less than two minutes, Robert Lewis Smith, Jr., exited Evens' truck and returned to the adjacent sedan in which, scant minutes before, Smith had arrived on the Greenville, Texas, convenience store parking lot. The nearby Greenville, Texas, police officers who observed this event believed a drug sale had just taken place. Evens departed from the lot in his truck, but was immediately stopped by one officer. Smith, the sedan, and the sedan's driver were detained on the spot by another. A search of Evens' truck turned up $1,030.00 in cash, including at least $200.00 in twenty-dollar bills, while the search of Smith's sedan turned up crack cocaine.
> Evens was tried by a jury for possession of more than four grams but less than 200 grams of crack cocaine, with intent to deliver.
> Smith testified for the State at trial. He admitted that he met Evens at the NAT 24 gas station and bought seven grams of crack cocaine from him. He intended to resell half of the drugs he bought from Evens in another county. Smith paid Evens $200.00, made up of ten twenty-dollar bills.

---

timely if deposited in the institution's internal mailing system on or before the last day for filing."); *Uranga v. Davis*, 893 F.3d 282, 286 (5th Cir. 2018) ("We reaffirm that the operative date of the prison mailbox rule remains the date the pleading is delivered to prison authorities.").

> The State also introduced as an exhibit the transcript of Evens' prior testimony in a federal case, *United States v. Anderson*, No. 4:11-CR-166, 2013 WL 2242322 (E.D. Tex. May 21, 2013, order) in which Evens admitted that (1) his most recent employment included selling drugs, including crack cocaine, (2) he distributed drugs in "Hunt County, Greenville, Texas" from February 2010 through September 2011, (3) he had drug customers in the Greenville area and also a customer from Emory, Texas, (4) he primarily delivered crack cocaine to his customers at convenience stores in Greenville, (5) a typical sale of crack cocaine consisted of 3.5 grams, but he also sold it in 7-gram amounts, called a "Vick," and (6) he remembered meeting with Smith at a convenience store and subsequently being stopped by police while having over $1,000.00 in cash in his possession.
> Evens was found guilty and sentenced to life in prison.

*Evens*, 476 S.W.3d at 744-45 (footnotes omitted).

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted,

AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 970 F.3d 566, 2020 WL 4744894, at *5 (5th Cir. Aug. 17, 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under §

2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented

in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s]

the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 2020 WL 4744894, at \*6.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he

state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

**Analysis**

Evens attacks the state criminal judgment that is the subject of the current Section 2254 habeas application on grounds that his trial counsel was constitutionally ineffective and that the trial court erred.

I.   <u>Ineffective Assistance of Trial Counsel</u>

Starting with the various reasons why Evens believes that his trial counsel provided constitutionally ineffective assistance of counsel ("IAC"), the Court reviews IAC claims, whether directed at trial or appellate counsel, under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984), under which a petitioner "'must show that counsel's performance'" – "'strongly presume[d to be] good

enough'" – "'was [1] objectively unreasonable and [2] prejudiced him.'" *Coleman v. Vannoy*, 963 F.3d 429, 432 (5th Cir. 2020) (quoting *Howard v. Davis*, 959 F.3d 168, 171 (5th Cir. 2020)).

To count as objectively unreasonable, counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *see also Buck v. Davis*, 137 S. Ct. 759, 775 (2017) (reaffirming that "[i]t is only when the lawyer's errors were 'so serious that counsel was not functioning as the "counsel" guaranteed ... by the Sixth Amendment' that *Strickland*'s first prong is satisfied" (citation omitted)). "And to establish prejudice, a defendant must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Andrus v. Texas*, 140 S. Ct. 1875, 1881 (2020) (per curiam) (quoting *Strickland*, 466 U.S. at 694).

"A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746, 752-53 (5th Cir. 2003); *see also Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) ("[B]ecause of the risk that hindsight bias will cloud a court's review of counsel's trial strategy, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (quoting *Strickland*, 466 U.S. at 689)).

And, "[j]ust as there is no expectation that competent counsel will be a flawless strategist or tactician, an attorney may not be faulted for a reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities." *Richter*, 562 U.S. at 110. "The Supreme Court has admonished courts reviewing a state court's denial of habeas relief under AEDPA that they are required not simply to give [the] attorney's the benefit of the doubt, ... but to affirmatively entertain the range of possible reasons [petitioner's] counsel may have had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012) (internal quotation marks omitted).

Therefore, on habeas review under AEDPA, "if there is any 'reasonable argument that counsel satisfied *Strickland*'s deferential standard,' the state court's denial must be upheld." *Rhoades v. Davis*, 852 F.3d 422, 432 (5th Cir. 2017) (quoting *Richter*, 562 U.S. at 105); *see also Sanchez*, 936 F.3d at 305 ("As the State rightly puts it, we defer 'both to trial counsel's reasoned performance and then again to the state habeas court's assessment of that performance.'" (quoting *Rhoades*, 852 F.3d at 434)).

To demonstrate prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Richter*, 562 U.S. at 111. "Instead, *Strickland*

asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case." *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

IAC claims are considered mixed questions of law and fact and are therefore analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010); *Adekeye*, 938 F.3d at 682.

Where the state court adjudicated claims of ineffective assistance on the merits, this Court must review a habeas petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *compare Rhoades*, 852 F.3d at 434 ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)." (citation omitted)), *with Johnson v. Sec'y, DOC*, 643 F.3d 907, 910-11 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state

court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)). In other words, AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a *Strickland* claim fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.[2]

Evens articulates six IAC claims in his Section 2254 application: that trial

---

[2] *See also Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (per curiam) (explaining that federal habeas review of ineffective-assistance-of-counsel claims is "doubly deferential" "because counsel is 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment'"; therefore, "federal courts are to afford 'both the state court and the defense attorney the benefit of the doubt'" (quoting *Burt*, 571 U.S. at 22, 15)); *Adekeye*, 938 F.3d at 683-84 ("The Supreme Court standard on prejudice is sharply defined: 'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.' [A petitioner] must show it was 'reasonably likely' the jury would have reached a different result, not merely that it could have reached a different result. The Court reaffirmed this point in *Richter*: 'The likelihood of a different result must be substantial, not just conceivable.' Now layer on top of that the habeas lens of reasonableness. [Where] the state court has already adjudicated [a petitioner's] ineffective-assistance claim on the merits, he must show that the court's no-prejudice decision is 'not only incorrect but "objectively unreasonable."' Put differently, [he] must show that every reasonable jurist would conclude that it is reasonable likely that [a petitioner] would have fared better at trial had his counsel conducted [himself differently]. 'It bears repeating,' the Supreme Court emphasized in *Richter*, 'that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" (footnotes omitted)).

counsel violated Evens's Sixth Amendment right to effective counsel by (1) failing to request a jury instruction under Texas Code of Criminal Procedure articles 38.075 and 38.17; (2) failing to raise a proper objection to the admission of extraneous evidence; (3) failing to adequately investigate a challenge to the search and seizure that uncovered the cash Evens possessed at the time of the offense; (4) failing to adequately investigate a challenge to the related stop and arrest; (5) not instructing the jury on circumstantial evidence; and (6) not instructing the jury on the law of parties.

The fifth and sixth reasons were not raised in the state proceedings. Thus, the factual and legal basis for these IAC contentions have not "been fairly presented to the" CCA, as the highest available state court, for review, which means that Evens has failed to properly exhaust state court remedies as to these IAC claims. *Campbell v. Dretke*, 117 F. App'x 946, 957 (5th Cir. 2004) ("'The exhaustion requirement is satisfied when the substance of the habeas claim has been fairly presented to the highest state court' so that a state court has had a 'fair opportunity to apply controlling legal principles to the facts bearing on the petitioner's constitutional claim.'" (quoting *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004))); *see* 28 U.S.C. § 2254(b)(1)(A).

Unexhausted claims should be found procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4. This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson*, 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. Therefore, unexhausted claims that could not make the showing required by this state law would be considered procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001).

An exception to this bar allows federal habeas review if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. But these claims are procedurally barred, because Evens has not shown that the claim would be allowed in a subsequent habeas proceeding in state court under Texas law. Nor has he asserted the "fundamental miscarriage of justice" exception to procedural bar.

The Court should therefore deny the fifth and sixth IAC claims as procedurally barred.

Evens did raise his claims regarding jury instructions under Articles 38.075 and 38.17 in the state proceedings. This claim is predicated on Smith's testimony

against Evens, but Article 38.075 cannot apply to that testimony because it does not concern events that occurred "during a time when [Smith] was imprisoned or confined" with Evens. *See* TEX. CODE CRIM. PROC. art. 38.075 ("A defendant may not be convicted of an offense on the testimony of a person to whom the defendant made a statement against the defendant's interest during a time when the person was imprisoned or confined in the same correctional facility as the defendant unless the testimony is corroborated by other evidence tending to connect the defendant with the offense committed."). So Article 38.17 is also not implicated by Smith's testimony. *See* TEX. CODE CRIM. PROC. art. 38.17 ("In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction.").

And Evens's trial counsel cannot be ineffective for failing to make an objection that would have been futile. *Cf. Soliz v. Davis*, 750 F. App'x 282, 292-93 (5th Cir. 2018) (per curiam) (denying certificate of appealability where the district court "reasoned that because a state court had concluded that an objection to the redacted letter under state law would have been futile, a federal habeas court could not conclude otherwise," and the United States Court of Appeals for the Fifth Circuit observed that, "[t]o succeed on the [IAC] claim, Soliz must show that counsel's failing to object was deficient and that he was prejudiced by the deficiency"; that "'[i]n order to show that counsel was deficient for failing to object,' though, 'the objection must have merit'"; that federal courts must "defer to a state court's determination that an

objection would have been meritless under state law because 'in our role as a federal habeas court, we cannot review the correctness of the state habeas court's interpretation of state law'"; and thus, that "Soliz cannot make a substantial showing under *Strickland* because Soliz's 'counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless'" (quoting *Ries v. Quarterman*, 522 F.3d 517, 530 (5th Cir. 2008), *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004), then *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007); citation omitted)).

The CCA's denial of this claim was therefore not unreasonable. *See, e.g.*, *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2)); *see also, e.g.*, *Rhoades*, 852 F.3d at 432, 434; *Sanchez*, 936 F.3d at 305.

Evens also raised in the state proceedings his claim that counsel should have objected to Smith's testimony on extraneous offense grounds. But Evens seems to ignore that the prosecution admitted his own testimony from a prior proceeding showing that Evens was an established drug dealer and that there was otherwise overwhelming evidence that he committed the crime at issue. Thus, Evens has not shown "that there is a reasonable probability that, but for counsel's [failure to make this objection], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The CCA's denial of this claim was therefore not unreasonable. *See Garza*, 738 F.3d at 680; *Rhoades*, 852 F.3d at 432, 434; *Sanchez*, 936 F.3d at 305.

And Evens raised his related inadequate-investigation claims in the state proceedings. As to these claims, Evens contends, in sum, that his trial counsel failed

to adequately investigate the facts and law supporting a challenge to the stop, arrest, search, and seizure that uncovered the cash Evens possessed.

The United States Court of Appeals for the Fifth Circuit recently summarized the applicable analysis: "'[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' 'A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances,' but [federal courts] still 'apply a heavy measure of deference.'" *Howard*, 959 F.3d at 171 (quoting *Strickland*, 466 U.S. at 691; original brackets omitted).

Evens fails to explain how his counsel's alleged failure to undertake this investigation was unreasonable given the circumstances of this case, thus he has failed to make either showing under *Strickland* and has therefore failed to show that the CCA's denial of these claims was unreasonable. *See Adekeye*, 938 F.3d at 680 ("Adekeye fails to allege what a sufficient investigation would have uncovered or how it would have changed his trial outcome. As Adekeye cannot show prejudice, he cannot show that the state habeas court unreasonably applied *Strickland v. Washington* or other clearly established federal law." (footnote omitted)).

II. <u>Trial Court Error</u>

Evens first argues that the trial court erred (1) when it admitted evidence related to the cash seized when he was arrested and (2) when it allowed testimony of extraneous offenses. But federal courts do not review state court evidentiary rulings under Section 2254 unless those rulings "rise to the level of a constitutional violation,"

which only occurs when a "ruling is so egregious that it renders the petitioner's trial fundamentally unfair." *Battles v. Stephens*, Civ. A. No. V-15-041, 2016 WL 1357912, at *2 (S.D. Tex. Jan. 27, 2016) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *Fuller v. Johnson*, 114 F.3d 491, 498 (5th Cir. 1997); *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005)), *rec. adopted*, 2016 WL 1367296 (S.D. Tex. Apr. 5, 2016); *see also Nelson v. Thaler*, No. 3:06-cv-1562-M-BH, 2010 WL 4629988, at *13 (N.D. Tex. July 31, 2010) ("[F]ederal courts 'do not sit to review the admissibility of evidence under state law unless erroneous evidentiary rulings were so extreme as to result in a denial of a constitutionally fair proceeding' in habeas actions." (quoting *Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999))), *rec. accepted*, 2010 WL 4627717 (N.D. Tex. Nov. 2, 2010).

Evens fails to show that the trial court's rulings were error, much less constitutional violations that deprived him of a fair proceeding. He has thus failed to show that the CCA's denial of this claim was unreasonable.

Finally, Evens argues that it was error for the trial court to deny his motion to appoint another attorney to represent him. The Sixth Amendment "guarantees defendants in criminal cases the right to adequate representation, but those who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624 (1989). And, as explained above, Evens has not shown that his court-appointed counsel violated his right to effective representation under the Sixth Amendment. Thus, Evens has not carried

his burden to show that the CCA's denial of this claim was unreasonable.

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE